# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Civil Action No._____

AVA F. LOFGREN,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** Plaintiff, AVA F. LOFGREN, by and through her undersigned counsel, complaining of Defendant, HUNTER WARFIELD, INC., as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplement jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

1

6. AVA F. LOFGREN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Palm Harbor, Florida.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. HUNTER WARFIELD, INC. ("Defendant") is a corporation organized under the laws of Florida.

9. Defendant maintains its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

11. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At some point, Plaintiff received credit through Hunt Shopping ("Hunt").

13. Plaintiff used this credit to make household and personal purchases, amassing a balance of approximately $2,041 ("subject debt").

14. Due to unforeseen circumstances, Plaintiff was unable to pay her obligation to Hunt.

15. Eventually, the subject debt was assigned to Defendant for collections.

16. In or around August 2020, Plaintiff started receiving calls from Defendant.

17. At first, Plaintiff advised Defendant that she was unable to make payments on the subject debt.

18. Shortly thereafter, in or around September 2020, finally frustrated with Defendant's relentless collection calls, Plaintiff requested that Defendant stop calling her.

19. Unfortunately, Defendant continued to place collection calls to Plaintiff.

20. Specifically, Defendant placed at least 20 phone calls to Plaintiff after Plaintiff requested that the phone calls cease using phone numbers including, but not limited to: (855) 899-8218; (866) 494-9902; (813) 283-4015; (833) 708-0539; and (833) 712-0758.

21. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continued to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

22. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

23. Paragraphs 1-22 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    a. **Violation(s) of 15 U.S.C. §1692c**

24. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

25. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cellular phone after Plaintiff requested that the phone calls cease.

26. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### b. Violations of FDCPA §1692d

27. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §§ 1692d and d(5) when it placed at least 20 collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

30. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt after Plaintiff requested that the calls cease was harassing and abusive.

31. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff, AVA F. LOFGREN, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

32. Paragraphs 1-31 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violation(s) of Fla. Stat. §§ 559.72(7), (8)**

33. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

34. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

35. Plaintiff may enforce the provisions of Fla. Stat. §§ 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, AVA F. LOFGREN, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Fla. Stat. §§ 559.72(7);

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as a result of Defendant's violation(s);

 c. Awarding Plaintiff statutory damages, as the Court may allow, but not exceeding $1,000.00;

 d. Awarding Plaintiff her costs and reasonable attorney's fees; and

 e. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: October 8, 2021      Respectfully submitted,

           **AVA F. LOFGREN**

           <u>/s/ Alexander J. Taylor</u>
           Alexander J. Taylor, Esq., *Of Counsel*
           Florida Bar No. 1013947
           Sulaiman Law Group, Ltd.
           2500 S. Highland Ave, Suite 200
           Lombard, IL 60148
           Telephone: (630) 575-8181
           Facsimile: (630) 575-8188
           ataylor@sulaimanlaw.com
           *Counsel for Plaintiff*